CHARLES G. LORING, Administrator, *vs.* PETER FOLGER.

A judgment against a trustee in a process of foreign attachment commenced after the death of the principal defendant, and payment of the amount thereof on execution by the trustee, are no bar to a suit against him by an administrator of the deceased.

ACTION OF CONTRACT for money paid and money lent by Joseph H. Finch, the plaintiff's intestate. The defendant admitted his liability for the whole amount sued for, unless the court should be of opinion that he was discharged from a portion thereof upon the following facts, which were agreed by the parties:

Finch was a merchant residing and doing business at Talcahuana, in the Republic of Chili, and there died on the 13th of April 1852, and the plaintiff was appointed administrator of his goods and effects in this commonwealth on the 13th of November 1853. On the 17th of April 1852, Francis C. Coffin commenced a suit in the court of common pleas for the county of Nantucket, purporting to be against Finch, in which he summoned Folger as Finch's trustee; the only service of that writ was upon Folger. That action was duly entered, and after proceedings in due form, judgment was rendered for Coffin, and execution issued and satisfied by payment of the amount thereof by Folger to Coffin on the 9th of October 1852.

*C. A. Welch,* for the plaintiff, cited *Boynton* v. *Foster,* 7 Met. 415; *Latham* v. *Edgerton,* 9 Cow. 227; *Blin* v. *Campbell,* 14 Johns. 432; *Bigelow* v. *Stearns,* 19 Johns. 39; *Smith* v. *Knowlton,* 11 N. H. 191; *Taylor* v. *Harris,* 3 Bos. & Pul. 549.

*H. Jewell,* for the defendant, cited Rev. Sts. *c.* 109, §§ 10, 20, 25–28, 47, 49, 50, 63; *McBride* v. *Protection Ins. Co.* 22 Conn. 248; *Fitch* v. *Ross,* 4 S. & R. 557.

The decision was made at March term 1857.

DEWEY, J. The judgment of Coffin against Finch, and the defendant as trustee, was wholly unauthorized, and cannot be sustained as a valid judgment, the defendant in that action having deceased before the commencement of this action. The

only real question in the case is, whether it is to be treated as wholly void, or merely voidable upon a writ of error brought by the administrator or legal representative of Finch.

The cases bearing upon this question are very few. In *Randal's case*, 2 Mod. 308, where such a judgment was set up, and the other party replied that the defendant died before judgment was obtained, the judgment was held ill, and the court were of opinion that the plaintiff might avoid the judgment without a writ of error. In the case in 1 Salk. 8, where a judgment was sought to be set aside because the defendant had died before the assizes began, the court held such death would be fatal to the judgment; but if the death happened after the assizes began, it might be otherwise. It was further held that it was in the discretion of the court whether the party should be put to his writ of error ; and in that case, for the purpose of settling the fact as to the time of the death, the party was put to his writ of error. In *Bragner* v. *Langmead*, 7 T. R. 20, where the question arose whether the judgment might not be saved by considering it as rendered on the first day of the term, which would have been prior to the death of the party, it seemed to be conceded that it would be a bad judgment unless saved by this fiction of law of the English courts.

In the case of *Morse* v. *Toppan*, 3 Gray, 411, a judgment against a married woman was, upon an agreed statement of facts admitting such fact of marriage, held absolutely void, and the objection was allowed without any writ of error or reversal of the judgment.

The pressure of the case here is that the court had no jurisdiction. There was no moment of time, during the pendency of the suit against Finch, in which there was any party defendant. There could be therefore no service of the writ, no attachment of the goods or credits of Finch, in the hands of a trustee, and no valid judgment could be rendered, upon which a trustee could be charged as such.

We have not overlooked the broad language of the Rev. Sts. *c.* 109, § 47, in reference to the protection of any person charged as trustee, who shall pay on such judgment the money due from

him to the principal defendant. But the exemption there given from further liability is in case he pays such money to one entitled thereto by a valid judgment. But here was no valid judgment.

It is said that the process on which the trustee was summoned was a process against the property of Finch — a proceeding *in rem* merely. But this does not help the matter. It is only as connected with a person in life, that this proceeding *in rem*, if it be one in any sense, can be sustained. The death of the debtor effectually protects his property from a trustee process, subsequently instituted, as much as it would his personal or real estate from an ordinary attachment. If it were not so, great injustice might result to the creditors of an insolvent deceased debtor, by some individual creditor, who was aware of the death of an absent debtor, instituting the trustee process, and procuring a judgment with the aid of a willing trustee, and thus withdrawing all or a large portion of his property from distribution among his creditors generally and *pro rata*, as by law it should be.

If the fact of the death of Finch before the institution of the suit was a matter in controversy, it might be proper to require the administrator to sue out his writ of error, in which that fact might be put in issue, although, perhaps, as was suggested in the case cited from Salkeld, that may be a matter within the discretion of the court.

But the fact of the death of Finch before the institution of the action against him is a part of the agreed statement of facts upon which this case was submitted to the court. This being so, the proceedings in the suit, and the judgment against Finch and his trustee, were a nullity, and may be avoided by the administrator without a writ of error. The result is therefore that this void judgment furnishes no protection to the trustee, and he must be considered as having paid over the money without any legal warrant for so doing.

The judgment in the present case will therefore be entered for the plaintiff, without any deduction for the money paid by him as trustee of the plaintiff's intestate.